IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 245 PARK MEMBER LLC,<br><br>      Petitioner,<br><br> v.<br><br>HNA GROUP (INTERNATIONAL) COMPANY LIMITED,<br><br>      Respondent. | Civ. No. 22-cv-5136 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

**PLEASE TAKE NOTICE THAT** Respondent HNA Group (International) Company Limited ("Respondent"), by and through its undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of New York ("New York County Supreme Court"), Index No. 656421/2022, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and 9 U.S.C. §§ 203 and 205. In support of this Notice of Removal, Respondent states the following:

  1. On or about May 20, 2022, Petitioner 245 Park Member LLC ("Petitioner") commenced an action ("State Court Action") to confirm an arbitral award against Respondent rendered on May 5, 2022 ("Award") in a JAMS arbitration captioned *245 Park Member LLC v. HNA Group (International) Company Limited* ("Arbitration") by filing a Verified Petition to Confirm the Arbitration Award ("Petition"), a Request for Judicial Intervention ("RJI"), and a RJI Addendum in the New York County Supreme Court, all bearing Index No. 656421/2022. A true and correct copy of the Petition, Notice of Petition and exhibits annexed thereto is attached hereto

as Exhibit A. A true and correct copy of the RJI, addendum to the RJI, and other related papers in the State Court Action are attached hereto as Exhibit B. Attached hereto as Exhibit C is the original demand for arbitration filed in the Arbitration and Exhibit R to the Second Amended and Restated Limited Liability Company Agreement of 245 Park JV LLC, dated November 19, 2018 (the "JV Agreement").

2. On May 27, 2022, Petitioner and Respondent entered a Stipulation ("Stipulation") whereby Respondent agreed to accept service of the Petition, and the parties agreed to a schedule providing that Respondent's answer or response to the Petition is due by July 8, 2022, Petitioner's reply in further support of the Petition is due on July 15, 2022, and the return date in the New York County Supreme Court is July 18, 2022. A true and correct copy of the Stipulation is attached hereto as Exhibit D.

3. Exhibits A, B and D constitute all process, pleadings, and orders filed in the State Court Action. *See* 28 U.S.C. § 1446(a).

4. 28 U.S.C. § 1441 provides for removal of cases that are within the original jurisdiction of the federal courts, including jurisdiction based upon diversity of citizenship.

5. Respondent seeks removal of the State Court Action pursuant to 28 U.S.C. §§ 1441(a) and (b) on the grounds that it is an action over which this Court has original jurisdiction, including jurisdiction based on diversity of citizenship and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and sections 203 and 205 of the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 203 and 205).

6. Upon information and belief, Petitioner is a Delaware limited liability company having an office at c/o SL Green Realty Corp., One Vanderbilt Avenue, New York, New York, 10017. Petition ¶ 6. Upon information and belief, Petitioner's sole member is SL Green Operating

Partnership, L.P., a Delaware limited partnership registered as a foreign corporation in New York, whose sole general partner and owner is SL Green Realty Corp., a Maryland corporation with a New York address, registered as a foreign corporation in New York. *See id.*; Ex. C at 167 (JV Agreement Ex. R).

7. Respondent is a foreign company organized under the laws of Hong Kong and has its principal place of business in Hong Kong, located at Suites 1101-3 and 12, 11th Floor, Tower 2 The Gateway, Harbour City, Kowloon, Hong Kong, SAR.

8. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has original jurisdiction over civil actions where the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and the parties are of diverse citizenship, including citizens of a state of the United States and the citizens and subjects of a foreign state.

9. Petitioner is a citizen of Delaware as its sole member is a citizen of Delaware. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (explaining that a limited liability company, "takes the citizenship of all of its members."). *See* Petition ¶ 6; Ex. C at 167 (JV Agreement Ex. R). Upon information and belief, Petitioner is also a citizen of New York as New York is its principal place of business. *Id.*; 28 U.S.C. § 1332(c)(1). Respondent is a citizen of the Hong Kong Special Administrative Region of the People's Republic of China, with its principal place of business in the Hong Kong Special Administrative Region of the People's Republic of China. *See* Petition ¶ 7; Ex. C at 167 (JV Agreement Ex. R).

10. The amount in controversy, exclusive of interests and costs, exceeds $75,000.00 as Petitioner's demand for arbitration and submission seeks $182,489,015 in addition to certain bankruptcy and arbitration fees. Petition Ex. D at ¶ 45; Ex. C. at 6. In this action, Petitioner seeks

to confirm the Award totaling $185,412,763.60, interest, and all costs and expenses, including court costs and reasonable attorneys' fees incurred by Petitioner in connection with the enforcement of the Award and judgment. Petition ¶¶ 26, 45.

11. Pursuant to 9 U.S.C. § 202 this action falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention") because the Award is a "non-domestic" award involving a foreign party, Respondent. 9 U.S.C. § 202; *see CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 73 (2d Cir. 2017); *Ferrand v. Mystique Brands LLC,* No. 20 CIV. 5933 (PAE), 2021 WL 119572, at *5 (S.D.N.Y. Jan. 13, 2021) (Holding in action to confirm and vacate arbitral award that "[t]he Second Circuit has held that where an agreement to arbitrate 'involve[s] parties domiciled or having their principal place of business outside [the United States],' that agreement is governed by the Convention.") (citation omitted) (alternation in original); *Farrell v. Subway Int'l, B.V.*, No. 11 Civ. 08 (JFK), 2011 WL 1085017, at *1 (S.D.N.Y. Mar. 23, 2011) (holding that the NY Convention applies to enforcement actions "involving at least one foreign party.").

12. Because this action falls under the New York Convention, this Court also has original jurisdiction over this action pursuant to 9 U.S.C. § 203 regardless of the amount in controversy. 9 U.S.C. § 203.

13. 9 U.S.C. § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

14. The subject matter of this action relates to an arbitration agreement between Petitioner and Respondent. *See e.g.*, Petition ¶ 3.

15. The Award falls under the New York Convention. *See supra* ¶ 11.

16. This Court is in the district where the State Court Action is pending as the geographical jurisdiction of the United States District Court for the Southern District of New York includes the County of New York, New York, where the Petition was filed, and the State Court Action commenced.

17. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty (30) days after Respondent accepted service pursuant to the Stipulation on May 27, 2022. Ex. D.

18. The Parties consented to the jurisdiction of this Court in Section 5.3 of the Guaranty. *See* Ex. A at 116 (Guaranty § 5.3).

19. No previous Notice of Removal has been filed or made with this Court.

20. A true copy of this Notice of Removal was delivered by U.S. Mail and electronically to the Clerk of Court of the New York Supreme Court, New York County, and to all counsel of record.

WHEREFORE, Respondent having met the requirements of 28 U.S.C. §§ 1331, 1332 (a)(2), 1441, and 1446, as well as 9 U.S.C. §§ 203 and 205, hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
        June 17, 2022

                                                          KING & WOOD MALLESONS LLP

        By:   */s/ Vincent Filardo, Jr.*
            Vincent Filardo, Jr.
            Aaron T. Wolfson
            500 Fifth Avenue, 50th Floor
            New York, NY 10110
            (212) 319-4755
            aaron.wolfson@us.kwm.com
            vincent.filardo@us.kwm.com

*Counsel for Respondent HNA Group (International) Company Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system, and that copies of the same were served on all parties via electronic mail at the addresses listed in the Petition:

Mark P. Ressler
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
mressler@kasowitz.com

Paul M. O'Connor III
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
poconnor@kasowitz.com

Jasen Fears
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
jfears@kasowitz.com

Henry B. Brownstein
Kasowitz Benson Torres LLP
1399 New York Ave., NW Ste. 201
Washington, D.C. 20005
Telephone: (202) 760-3400
hbrownstein@kasowitz.com

*Attorneys for Petitioner 245 Park Member LLC*


Dated: June 17, 2022

                                                              */s/ Tori S. Misrok*
                                                              Tori S. Misrok