# EXHIBIT A

DocuSign Envelope ID: 6253AEC9-D7A6-4E12-AC84-81A1F6031913

**JAMS ARBITRATION**
**NEW YORK, NEW YORK**
_____

**245 PARK MEMBER, LLC**

                **Claimant,**

        **and**                         **JAMS Ref. No. 5425000065**

**HNA GROUP (INTERNATIONAL)**
**COMPANY LIMITED,**

                **Respondent.**
_____


**Decision on Scheduling**

## I.    Introduction

1. <u>Parties and Counsel</u>:    The parties to this arbitration are identified in the caption and are represented as follows:

> <u>Counsel for Claimant:</u>
>
> Kasowitz Benson Torres LLP
> Mark P. Ressler
> Paul M. O'Connor III
> 1633 Broadway
> New York, New York 10019
> Tel: (212) 506-1700
> Email: mressler@kasowitz.com
> Email: poconnor@kasowitz.com
>
> Henry B. Brownstein
> 1399 New York Ave., NW, Ste. 201
> Washington, D.C., 20005
> Tel: (202) 760-3400
> Email: hbrownstein@kasowitz.com

Counsel for Respondent:

King & Wood Mallesons LLP
Vincent Filardo, Jr.
Aaron T. Wolfson
500 Fifth Avenue, 50th Floor
New York, New York 10110
Tel: (212) 319-4755
Email: Vincent.filardo@us.kwm.com
Email: aaron.wolfson@us.kwm.com


2. Arbitrator:

Hon. L. Priscilla Hall (Ret.)
JAMS
620 Eighth Avenue
34th Floor
New York, New York 10018
Tel.: (212) 607-2789
Fax: (212) 751-4099
Email: phall@jamsadr.com

3. JAMS Case Manager:

George Cuervos
JAMS
620 Eighth Avenue
34th Floor
New York, New York 10018
Tel.: 212 607-2789
Fax: 212 751-4099
Email: gcuervos@jamsadr.com

The claims are set forth in a certain "JAMS Demand for Arbitration," dated December 21, 202. Respondent submitted "Answering Statement and Objections" on January 24, 2022. The arbitration agreement in this matter is found in Paragraph 5.4 of the Amended and Restated Guaranty, dated as of November 19, 2018 (the "Guaranty").

DocuSign Envelope ID: 6253AEC9-D7A6-4E12-AC84-81A1F6031913

This decision is based upon a review of all the pleadings in this arbitration proceeding as well as the numerous letters, exhibits and caselaw provided by counsel that were considered by the undersigned arbitrator.

## II.  Background

This arbitration arises in connection with disputes relating to a joint venture agreement and property management and leasing agreement in connection with a commercial office tower at 245 Park Avenue in New York City. Claimant filed this arbitration seeking to enforce the terms of a Guaranty pursuant to which it claims it is entitled to the immediate payment of more than $180 million. *See* Demand for Arbitration ¶ 2. Claimant alleges that Respondent, one of the Guarantor's, breached the Guaranty by failing to pay on demand certain obligations, which include the payment of obligations of Respondent's affiliate, 245 Park JV LLC (the "Company"), pursuant to the Second Amended and Restated Limited Liability Company Agreement of 245 Park JV LLC, dated November 19, 2018 (the "JV Agreement"), entered into between Claimant and HNA 245 Park Ave JV LLC ("HNA JV Member").  *See Id.* ¶¶ 2-3.

Claimant alleges that as consideration for a $148 million investment in the Company, it negotiated and secured significant rights and protections in the JV Agreement, including preferred quarterly distributions and guarantees of performance which are set forth in the Guaranty. *Id.* at ¶5.  According to Claimant, the JV Agreement provides the repayment of Claimant's investment (the "Redemption Amount") by a date no later than June 30, 2022 ("Mandatory Redemption Date"), and the Respondent, along with two of its affiliates, guaranteed the payment of the full amount of the Redemption

Amount in the Guaranty. *Id.* at ¶ 6. The Guarantor's two affiliates are now in bankruptcy. *Id.* at ¶ 7.

Claimant alleges that the Company failed to make mandatory quarterly distributions, which had "cascading effects under the JV Agreement, including the acceleration of the Mandatory Redemption Date." *Id.* at ¶ 8. In addition, the failure to pay the Redemption Amount once due triggered additional consequences, including certain "Forced Sale Rights" of Claimant. *Id.* at ¶¶ 9-12. Claimant alleges that HNA JV Member and affiliates devised a scheme to deprive it of its rights by among other things, the Company's filing for bankruptcy on October 31, 2021. *Id.* at ¶ 13. Claimant contends the bankruptcy filing accelerated the Mandatory Redemption Date to November 10, 2021, and because the Company cannot pay, triggered the Guaranty.

Respondent disputes Claimant's interpretation of events and specifically denies that the Company failed to make any mandatory quarterly distributions or that the bankruptcy filing triggered the acceleration of the Mandatory Redemption Date. *See* Answering Statement and Objections at 3. In addition, Respondent argues that it is Claimant's own actions, or those of its affiliates, that led to the current dispute. *Id.* at 3-6. Respondent alleges defenses of fraud and *in pari delicto* asserting that "Claimant made material misrepresentations and omissions, both before and after entering into the JV Agreement and Guaranty, to wrongfully take control of the Property and obtain payment from Respondent under the Guaranty by encumbering the Company's cash flows through its intentional failure to secure a replacement tenant for [Major League Baseball], thereby triggering cascading events of default that would enable a forced sale of the Property to Claimant." Respondent's 3/10/22 Letter at 1-2.

4

### III.    Analysis

The current question relates to the scope of the arbitration provision in the Guaranty and whether the parties agreed to waive discovery and an evidentiary hearing. The arbitration provision provides that a dispute under the Guaranty "shall be submitted to final and binding arbitration in New York, New York, administered by JAMS in accordance with JAMS Streamlined Arbitration Rules and Procedures, as in effect at that time." Guaranty at ¶ 5.4. The arbitration provision also provides that:

> Each party shall submit to such arbitrator its position on each matter in dispute and any applicable materials that it desires that such arbitrator consider in making its determination within seven Business Days following the appointment of the arbitrator. Such arbitrator shall consider only the materials submitted to it for resolution. Each party shall cooperate with JAMS and with the other parties in scheduling the arbitration proceedings so that a final non-appealable award is rendered within 30 calendar days after submission thereof to arbitration, and any notice requirements under Paragraph 14(b) of the JAMS Streamlined Arbitration Rules and Procedures or otherwise, may be shortened by such arbitrator in its discretion.

*Id.*

According to Respondent, the parties agreed that the JAMS Arbitration Streamlined Rules & Procedures ("JAMS Rules") and New York law govern their dispute. Respondent argues that the provisions referencing that the parties' submissions to the arbitrator should be made within seven business days and an award rendered 30 days thereafter, both conflict with the JAMS Rules and New York law, and are "contrary to the Parties' agreement, intent, are unworkable and inequitable." Respondent's 1/28/22 Letter. Respondent's arguments are as follows: (1) in the event there is a conflict between the terms of the Guaranty and the JAMS Rules, the JAMS Rules control; (2) the parties did not agree to waive discovery or an evidentiary hearing and the Guaranty language does not prove otherwise; (3)

waiving its defenses, and/or discovery of its defenses, would violate its due process rights, and is otherwise unconscionable under public policy and/or New York law; and (4) the unconditional nature of the Guaranty does not preclude it from asserting a defense that the Claimant purposefully and wrongfully triggered the guaranteed obligations.

First, Respondent argues that under New York law, unless there is language in the arbitration provision that expressly states that the provision supersedes any conflicting applicable arbitral rules, the referenced arbitral rules govern. *Id.* at 2 (citing *St. Lawrence Explosives Corp. v. Worthy Bros. Pipeline Corp.*, 111 F.3d 124 (2d Cir. 1997); *Morse v. Levine*, No. 19 cv 06711GHWSN, 2019 WL 7494619, at *8 (S.D.N.Y. Dec. 19, 2019), *report and recommendation adopted*, No. 1:19-cv-06711-GHW, 2020 WL 85410 (S.D.N.Y. Jan. 3, 2020). In other words, because the timelines and terms in paragraph 5.4 of the Guaranty conflict with the JAMS Rules, and there is no express language stating that the arbitration provision supersedes, the JAMS Rules control, not the terms of the Guaranty. Respondent's 1/28/22 Letter at 2.

Second, Respondent argues that the parties never agreed to waive discovery or an evidentiary hearing. Rather, the language of the Guaranty incorporating by reference the JAMS Rules evidences an indication to afford the parties discovery. *See* Respondent's 2/1/22 Letter at 3. Similarly, the language in paragraph 5.4 providing that the arbitrator "shall consider only the materials submitted" does not constitute a waiver of a hearing, but rather, merely "limits the materials [the arbitrator] may review to those materials in the record submitted by the Parties,

rather than extrinsic evidence." *Id.* Moreover, Respondent contends that the Guaranty's reference to the notice requirements of Rule 14(b) is further evidence that the parties did not waive a hearing since Rule 14 is titled "Schedule and Location of Hearing." *Id.* A finding that the parties waived a hearing would render that portion of the Guaranty's language meaningless. *See* Respondent's 2/8/22 Letter at 1. Thus, according to Respondent, the parties are afforded the right to discovery pursuant to JAMS Rule 13 and a hearing pursuant to Rule 14(a). *See* Respondent's 2/1/22 Letter. As such, the parties should determine the date for discovery and submissions after setting a hearing date. Respondents 1/28/22 Letter at 2.

Third, Respondent argues that due process affords it the right to discovery to develop its defenses, and its specific defense of fraud cannot be waived as a matter of law. *Id. at 3.* Respondent contends that there are multiple issues and disputed facts that require factual inquiry, including: (i) whether Claimant or its affiliates are responsible for not finding a replacement tenant for MLB, thereby triggering the cascading series of events leading to the current dispute; (ii) whether the Company failed to make payments required under the JV Agreement; (iii) whether the claims in this arbitration are precluded by bankruptcy law; and (iv) how Claimant calculates its damages amount of more than $180 million. *Id.* According to Respondent, information pertaining to its defenses is within the sole possession of Claimant and denying Respondent discovery in this case would be unconscionable under the law. Respondent's 2/1/22 Letter at 4 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991); *Sherwood v. Blue*

*Cross*, No. CIV. S-07-633 LKK/DA, 2007 WL 2705262, at *4 (E.D. Cal. Sept. 14, 2007) ("Although parties may agree to less than the full panoply of discovery to which they are normally entitled, there is nevertheless a minimum threshold of discovery that must be present."); *Lucey v. FedEx Ground Package Sys., Inc.*, No. 06-3738RMB, 2007 WL 3052997, at *12 (D.N.J. Oct. 18, 2007), a*ff'd in part, rev'd in part*, 305 F. App'x 875 (3d Cir. 2009) (holding arbitration clause banning written discovery and depositions was unconscionable as the defendants had no information to support their claims, which was in the defendant's possession.) Thus, Respondent argues that the claims and defenses asserted in this arbitration cannot be determined solely upon expedited submissions.

Furthermore, Respondent argues that it did not waive its defenses in the Guaranty as "a defense sounding in fraud is only waivable if there is a waiver of the *specific* fraudulent misrepresentation." Respondents 3/10/22 Letter at 3; *see also* Respondents 2/1/22 Letter at 2 (citing *In re Futterman*, 602 B.R. 465, 481 (Bankr. S.D.N.Y. 2019) ("a waiver of defense in a guaranty will not be applied as a matter of public policy.")) Here, according to Respondent, the waivers in the Guaranty do not include a specific representation relating to the MLB tenancy or Claimant's performance under any of the relevant agreements, and the enumerated waivers in the Guaranty do not contain the requisite specificity under New York law. *See* Respondents 3/10/22 Letter at 4 (citations omitted). Moreover, Respondent claims that the alleged fraud occurred subsequent to the execution of the Guaranty, and as such, cannot be waived as a matter of public policy. *See* Respondents 2/1/22 Letter at 2.

DocuSign Envelope ID: 6253AEC9-D7A6-4E12-AC84-81A1F6031913

Finally, Respondent argues the defense waivers in the Guaranty do not preclude them from asserting a defense that Claimant intentionally triggered the guaranteed obligations by failing to obtain a replacement for the MLB tenancy. *See e.g.,* Respondent's 3/10/22 Letter at 4 (citing *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 496, 36 N.E.3d 80, 87 (2015) ("an absolute and unconditional guaranty does not foreclose a guarantor's challenge that the creditor's wrongful post-execution conduct triggered the event that accelerates or causes the guarantor's liability.")

Claimant disagrees with Respondent's arguments for three reasons: (1) the express language in the Guaranty is clear that the parties chose to waive both discovery and a hearing; (2) waiving discovery would not violate Respondent's due process rights because New York Law authorizes summary proceedings for collecting payments under a guaranty; and (3) Respondent's assertion of a defense does not enable it to rewrite the parties' contract, and in any event, Respondent has lawfully waived its defenses in the Guaranty.

First, Claimant asserts that the language in the Guaranty is clear—the parties agreed to an expedited process requiring submissions to be made within seven days after appointment of the arbitrator, without discovery or a hearing, and the arbitrator's decision 30 days thereafter. *See* Claimant's 1/31/21 Letter at 1. Furthermore, Claimant argues that the express timelines in the Guaranty control, not the JAMS Rules. *Id.* at 2 (citing *Brady v. Williams Cap. Grp., L.P.,* 14 N.Y.3d 459, 465 (2010). Claimant states that under New York law, the parties are "free to negotiate the terms by which they would arbitrate [a] dispute" and the parties here have agreed to modify JAMS Rules by agreeing to the

timelines and other terms in the Guaranty. *Id.* (citing *Credit Suisse First Boston Corp. v. Pitofsky*, 4 N.Y.3d 149, 155 (2005).

      With respect to Respondent's due process argument, Claimant states that sophisticated parties agreed to an expedited proceeding consistent with the context and nature of the dispute—a demand for payment under an "unconditional, absolute and irrevocable" guaranty. *Id.* at 1-2.  New York law expressly authorizes summary proceedings for collecting payment on an unconditional guaranty such as this one. Claimant's 2/3/22 Letter at 2 (citing N.Y. C.P.L.R. 3213 (McKinney)  ("A personal guaranty by a guarantor is a classic example of where CPLR 3213 can apply.")). According to Claimant, the entire purpose of the Guaranty is to "ensure that in the event of certain enumerated trigger events, the investor can obtain rapid recovery from the guarantor." Claimant's 1/31/22 Letter at 2. As such, Respondent agreed in the Guaranty that its obligations were "unconditional, absolute and irrevocable" and "waive[d] all of its defenses." *Id.* (*citing*  Guaranty §1.3, *et. seq.*).

      Finally, Claimant argues that Respondent's position that it needs discovery to prove its defenses, whether it is one of *in pari delicto* or fraud, is contrary to the terms of the Guaranty but also law. *Id.* at 3. With respect to the Guaranty, Respondent "'irrevocably and unconditionally waive[d] any common law, equitable, statutory or other right which Guarantor might possess as a result of or in connection with' 22 rights and defenses, including 'any [] circumstance which might in any manner or to any extent constitute a defense available to Guarantors.'" Claimant's 3/10/22 Letter at 2 (citing Guaranty § 1.3(xi)).  Respondent's defense, based on the allegation that Claimant caused its affiliate to purposefully fail to find a replacement tenant for MLB, is precluded by the

DocuSign Envelope ID: 6253AEC9-D7A6-4E12-AC84-81A1F6031913

express waivers in the Guaranty of any defense based on "the Property Manager's conduct or performance under the Management Agreement." *Id.* at 3 (citing Guaranty 1.3 §§ (xi), (xxii)). Moreover, when Claimant made its investment, Respondent's co-guarantor and affiliate "(i) acknowledged in writing that Claimant and the Property Manager were affiliates, and (ii) expressly agreed not 'to assert any claim against [Claimant] . . . that relates to any action taken by the Property Manager or any action the Property Manager fails to take . . . .'" *Id.* (citing JV Agreement § 15.4(b)).

Claimant further argues that the broad waivers in the Guaranty do not violate New York law and includes a *in pari delicto* defense. *Id. at 2-3* (citing *JP Morgan Chase Bank N.A. v. KBHome*, 740 F. Supp. 2d 1192, 1204 (D. Nev. 2010) (denying motion for leave to add *in pari delicto* defense as futile because "the Guarantees expressly waived any defense or counterclaim whatsoever.")) Moreover, Claimant contends that the defense of *in pari delicto* to a breach of contract action fails under New York law where the contract is "lawful on its face and there is no implication that it was entered into with fraudulent design, provided the promisee does not require the aid of the illegal transaction to make out his case." Claimant 2/3/22 Letter at 4 (citing *Hilgendorff v. Hilgendorff*, 241 A.D.2d 481, 482 (2d Dep't 1997) (internal citation omitted) (rejecting in pari delicto defense in connection with claim for breach of settlement agreement that was lawful on its face)); see also *ImagePoint, Inc. v. JPMorgan Chase Bank, Nat. Ass'n*, 27 F. Supp. 3d 494, 515 (S.D.N.Y. 2014) (rejecting *in pari delicto* defense where defendant "points to no fraud or illegality in the contract between [defendant] and [plaintiff]")).

Finally, Claimant argues that to the extent Respondent asserts a fraud defense, the allegation is "absurdly thin" constituting a single sentence in Respondent's answer, does

11

not meet the requisite elements to state such a claim, and as such, is insufficient as a matter of law. Claimant's 3/10/22 Letter at 3.

After reviewing the submissions and accompanying case law, I order that the terms and timelines set forth in the Guaranty govern this dispute and deny Respondent's request for discovery pursuant to JAMS Rule 13. Parties are to proceed with submissions on the merits as set forth in the Guaranty. I further order that at this time there will not be a hearing, but if the submissions raise a question of fraud, I will address that after review of the submissions.

First, JAMS Rule 2 expressly provides that the "Parties may agree on any procedures not specified herein or in lieu of these Rules that are consistent with the applicable law and JAMS policies . . . The Party-agreed procedures shall be enforceable as if contained in these Rules." JAMS Rule 18 further provides: "The Parties may agree to waive oral Hearing and submit the dispute to the Arbitrator for an Award based on written submissions and other evidence as the Parties may agree." It is clear from the express language of the Guaranty that the parties agreed to an expedited arbitration process that included waiving discovery and an evidentiary hearing. With respect to discovery, the Guaranty unequivocally states: "Each party shall submit to such arbitrator its position on each matter in dispute and any applicable materials that it desires that such arbitrator consider in making its determination *within seven Business Days following the appointment of the arbitrator*." Guaranty ¶ 5.4. The parties clearly did not contemplate time for discovery. Similarly, the Guaranty provides that the arbitrator "shall consider only the materials submitted to it for resolution" and issue a final non-appealable award

DocuSign Envelope ID: 6253AEC9-D7A6-4E12-AC84-81A1F6031913

within 30 days after submission. There is no time allocated for a hearing and no language providing for one.

Here, there is nothing to indicate that the parties were anything other than sophisticated commercial transactors who were represented by counsel and had equal opportunity and bargaining power in negotiating the JV Agreement, Guaranty and other governing contracts. As such, the terms of the Guaranty control. "Arbitration is a creature of contract, and it has long been the policy of this State to interfere as little as possible with the freedom of consenting parties in structuring their arbitration relationship." *Credit Suisse First Boston Corp. v. Pitofsky*, 4 N.Y.3d 149, 155 (2005); *see also Brady v. Williams Cap. Grp., L.P.,* 14 N.Y.3d 459, 465 (2010) (citing *Matter of Salvano v. Merrill Lynch, Pierce, Fenner Smith*, 85 N.Y.2d 173, 182 (1995) ("[t]he court's role is limited to interpretation and enforcement of the terms agreed to by the parties.")) *See also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) ("It is only when an arbitrator strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice' that his decision may be unenforceable); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612. 1621 (2018) ("Not only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed then to respect and enforce the parties chosen arbitration procedures"); *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2012) ("[A]rbitration is a matter of contract. And consistent with that text, courts must 'rigorously enforce' arbitration agreements according to their terms, *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213,221 (1985), including terms that 'specify with whom [the parties] choose to arbitrate their disputes'. . . and 'the rules under which the

13

DocuSign Envelope ID: 6253AEC9-D7A6-4E12-AC84-81A1F6031913

arbitration will be conducted.'" *Volt Information Sciences Inc, v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 479 (1989)).

At this time, Respondent has not raised a sufficient inference of fraud to avoid the expedited arbitration process the parties agreed to in the Guaranty. I reserve decision on the other arguments raised concerning the Respondent's alleged *in pari delicto* and fraud defenses, including whether the defenses were waived in the Guaranty, until further briefing on the merits.

## IV. Conclusion

For the foregoing reasons, the parties are ordered to file their submissions on the merits along with any applicable materials that it desires that I consider in making my final determination on or before March 31, 2022, seven business days from the date of this Order.

Dated: New York, NY
March 22, 2022

L. Priscilla Hall

Hon. L. Priscilla Hall (Ret.)
JAMS Arbitrator

<u>**PROOF OF SERVICE BY E-Mail**</u>

Re: 245 Park Member LLC vs. HNA Group (International) Company Limited
Reference No. 5425000065

      I, Cathleya Fajardo, not a party to the within action, hereby declare that on  March 22, 2022, I served the attached Decision on Scheduling on the parties in the within action by electronic mail at New York, NEW YORK, addressed as follows:

Henry Brownstein Esq.
Paul M. O'Connor III Esq.
Mark P. Ressler Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY   10019-6799
Phone: 212-506-1700
hbrownstein@kasowitz.com
poconnor@kasowitz.com
mressler@kasowitz.com
   Parties Represented:
   245 Park Member LLC

Aaron T. Wolfson Esq.
Vincent Filardo, Jr. Esq.
Evan Zatorre Esq.
King & Wood Mallesons
500 Fifth Ave.
50th Fl.
New York, NY   10110
Phone: 212-319-4755
aaron.wolfson@us.kwm.com
vincent.filardo@us.kwm.com
evan.zatorre@us.kwm.com
   Parties Represented:
   HNA Group (International) Company Limited

Jasen Fears
Kasowitz Benson Torres LLP
2029 Century Park East
Suite 2000
Los Angeles, CA   90067
Phone: 424-288-7900
jfears@kasowitz.com
   Parties Represented:
   245 Park Member LLC

      I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on  March 22, 2022.

*/s/ Cathleya Fajardo*

_____
Cathleya Fajardo
JAMS
CFajardo@jamsadr.com