**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────

**245 PARK MEMBER LLC,**

                    **Petitioner,**

          **- against -**

**HNA GROUP (INTERNATIONAL) COMPANY**
**LIMITED,**

                    **Respondent.**
─────────────────────────────────

**22-cv-5136 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

    245 Park Member LLC brought this petition to confirm an
arbitration award dated April 30, 2022 in the arbitration
captioned 245 Park Member LLC v. HNA Group (International)
Company Limited, JAMS Ref. No. 5425000065, ECF No. 1-1, Ex. E
(the "Award"), in the amount of $185,412,763.60.[1] This case,
which was originally filed in state court, has been removed to
this Court. This Court has subject matter jurisdiction pursuant
to 9 U.S.C. § 203 because this action falls under the Convention
on the Recognition and Enforcement of Foreign Arbitral Awards,
21 U.S.T. 2517, codified at 9 U.S.C. § 201 et seq. (the "New
York Convention"). The New York Convention applies to this case
because the Award is a "nondomestic" arbitral award – that is,

───────────────

[1] This sum consists of a redemption amount of $184,557,377.25, attorney's fees
and costs in the amount of $752,700.24, and fees and disbursements due to
JAMS. See ECF No. 1-1 ¶ 26.

  Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

an award that was made in the United States and that involves an
entity that is not a United States citizen. <u>See</u> <u>Beijing Shougang</u>
<u>Mining Inv. Co., Ltd. v. Mongolia</u>, 11 F.4th 144, 159 & n.14 (2d
Cir. 2021); <u>CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.</u>,
850 F.3d 58, 73 (2d Cir. 2017); 9 U.S.C. § 202.[2] The Court also
has subject matter jurisdiction pursuant to 28 U.S.C. §
1332(a)(2) because the petitioner is a citizen of Delaware and
New York, the respondent is a citizen of the Hong Kong Special
Administrative Region of the People's Republic of China, and the
amount in controversy exceeds $75,000, exclusive of interest and
costs.

Together with this Memorandum Opinion and Order, the Court
issued a Memorandum Opinion and Order granting the petitioner's
motion for a pre-judgment order of attachment of the
respondent's assets and an order requiring the respondent to
provide the petitioner 14 days' advance notice of the sale of
any assets in excess of $1 million in which the respondent has a
direct or indirect interest (the "Attachment Decision"). In the
Attachment Decision, the Court concluded that the petitioner was
likely to succeed on the merits of its claim to confirm the
Award.

---

[2] The New York Convention and the Federal Arbitration Act, 9 U.S.C. § 1 et
seq. (the "FAA") both apply to this case because the parties chose to seat
the underlying arbitration in New York. See <u>Beijing Shougang Mining</u>, 11 F.4th
at 159-60. The Court exercises "primary jurisdiction" over the Award as
opposed to "secondary jurisdiction" because the Award is a "nondomestic award
rendered in the United States." <u>Id.</u> at 160 n.15.

The petitioner's petition to confirm the Award and the respondent's motion to vacate the Award are now fully briefed. For the reasons explained below and for the reasons explained in the Attachment Decision, the petitioner's petition to confirm the Award is **granted** and the respondent's motion to vacate the Award is **denied.**

**I.**

In May 2017, the respondent's parent company, HNA Group Company Ltd. ("HNA Group"), purchased the property at 245 Park Avenue in New York City (the "Property"). Petition, ECF No. 1-1 ¶¶ 10-11. One of the HNA Group entities that purchased the property was 245 Park JV LLC, a United States affiliate of the respondent. Id. ¶ 11. In June 2018, the petitioner made a preferred equity investment of $148 million in 245 Park JV LLC pursuant to the Amended and Restated Limited Liability Company Agreement, which was subsequently amended on November 19, 2018. Id. ¶ 13, Ex. A. As consideration and express inducement for its investment in 245 Park JV LLC, the petitioner secured contractual rights and protections, including the absolute, unconditional, and irrevocable Guaranty. Id. ¶ 14, Ex. B (the "Guaranty"). The respondent is a party to the Guaranty and one of the guarantors.

The Guaranty contains an arbitration provision that provides in part:

> In the event of any dispute under this Guaranty, such dispute shall be submitted to final and binding arbitration in New York, New York, administered by JAMS in accordance with JAMS Streamlined Arbitration Rules and Procedures . . . . Each party shall submit to such arbitrator its position on each matter in dispute and any applicable materials that it desires that such arbitrator consider in making its determination within seven Business Days following the appointment of the arbitrator. Such arbitrator shall consider only the materials submitted to it for resolution. Each party shall cooperate with JAMS and with the other parties in scheduling the arbitration proceedings so that a final non-appealable award is rendered within 30 calendar days after submission thereof to arbitration[.]

Guaranty, at 12-13. The petitioner commenced an expedited JAMS arbitration on December 21, 2021, arguing that events occurred that triggered the respondent's obligations under the Guaranty. Petition ¶ 23. The parties selected The Honorable L. Priscilla Hall (Ret.), former Associate Justice of the New York State Supreme Court, Appellate Division, as the arbitrator. Id. ¶ 24.

The respondent argued that it was entitled to discovery and an evidentiary hearing under the JAMS Rules incorporated by the parties' arbitration agreement. The respondent also argued that it was entitled to discovery and an evidentiary hearing as a matter of due process to investigate the petitioner's claims and the respondent's fraud and in pari delicto defenses. See, e.g., ECF No. 23-8, at 4, 12-13. The petitioner argued, among other things, that the parties agreed to waive discovery and an evidentiary hearing by the terms of the arbitration agreement.

On March 22, 2022, Justice Hall issued a decision on scheduling. See ECF No. 5-1 ("Scheduling Decision"). In the Scheduling Decision, Justice Hall concluded that "It is clear from the express language of the Guaranty that the parties agreed to an expedited arbitration process that included waiving discovery and an evidentiary hearing." Id. at 12. In light of the expedited schedule set out in the arbitration agreement, Justice Hall found that the "parties clearly did not contemplate time for discovery." Id.; see also id. at 13 ("There is no time allocated for a hearing and no language providing for one."). Justice Hall further stated that she would address the issue of fraud "if the [parties'] submissions raise a question of fraud." Id. at 12. Justice Hall explicitly reserved decision "concerning the Respondent's alleged in pari delicto and fraud defenses, including whether the defenses were waived in the Guaranty, until further briefing on the merits." Id. at 14.

The parties made their merits submissions on March 31, 2022, seven business days following the issuance of the Scheduling Decision. On April 30, 2022, Justice Hall issued the Award in favor of the petitioner. Justice Hall concluded that the respondent waived its fraud in the inducement defense concerning conduct that occurred prior to the execution of the Guaranty. See Award, at 22. Justice Hall found that broad, absolute and unconditional waivers in guarantees approved by New

York courts were "strikingly similar" and "all but
'indistinguishable'" from the waivers in the Guaranty. <u>Id.</u> at
18, 21. Justice Hall further concluded that the respondent
"failed to meet its evidentiary burden on the necessary
intentional, bad faith, at least equal fault, and/or mutuality
of fault element of its post-execution fraud and/or <u>in</u> <u>pari</u>
<u>delicto</u> defense." <u>Id.</u> at 28. Justice Hall also concluded that
the respondent failed to meet its burden to show post-execution
fraud because the respondent failed to identify a
"misrepresentation or material omission, which was false and
known to be false and made for the purpose of inducing the other
party, or any justifiable reliance of the other party on the
misrepresentation or material omission Defendant." <u>Id.</u> at 28–29.
Justice Hall awarded the petitioner all the damages it sought,
plus reasonable attorney's fees and costs and all fees and
disbursements due to JAMS. <u>See</u> <u>id.</u> at 33–35. Justice Hall
explicitly noted that she had "examined the submissions, proofs,
pleadings, allegations of the parties as well as the numerous
letters, exhibits and caselaw provided by counsel." <u>Id.</u> at 2.[3]

## II.

"The confirmation of an arbitration award is a summary
proceeding that merely makes what is already a final arbitration

---

[3] Counsel for the petitioner states that the respondent's merits submission
consisted of a 43-page memorandum, 586 pages of exhibits, and two witness
statements. ECF No. 26, at 7.

award a judgment of the court. The review of arbitration awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Beijing Shougang Mining, 11 F.4th at 160. The respondent "must clear a high hurdle" to vacate the Award. Id.

An arbitrator's contract interpretation is entitled to substantial deference. See Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 452 (2d Cir. 2011). The same is true for an arbitrator's assessment of the evidence. See Fairchild Corp. v. Alcoa, Inc., 510 F. Supp. 2d 280, 286 (S.D.N.Y. 2007) ("[A] court may not conduct a reassessment of the evidence[.]"); cf. Polin v. Kellwood Co., 103 F. Supp. 2d 238, 262 (S.D.N.Y. 2000) ("[D]isagreeing with the panel's assessment of the evidence and its conclusions is not sufficient to vacate an arbitration award under [FAA] § 10(a)(3)."). In this case, the respondent's challenge to the Award is ultimately a challenge to the arbitrator's interpretation of the Guaranty and the arbitrator's assessment of the evidence. For this reason, and for the reasons explained in the Attachment Decision, the Court confirms the Award and the respondent's motion to vacate the Award fails.

**A.**

The respondent argues that, because the arbitrator denied the respondent's request for discovery and an evidentiary

hearing, the arbitration process was fundamentally unfair and contrary to the terms of the parties' arbitration agreement. An award is fundamentally unfair if the arbitrator did not "give each of the parties to the dispute an adequate opportunity to present its evidence and argument." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997).[4]

As explained in the Attachment Decision, the arbitrator considered, and rejected, the respondent's request for discovery and an evidentiary hearing in the well-reasoned Scheduling Decision. The arbitrator concluded that, pursuant to the terms of the parties' arbitration agreement, "the parties agreed to an expedited arbitration process that included waiving discovery and an evidentiary hearing." Scheduling Decision, at 12. Because of the extremely expedited schedule provided in the Guaranty for the parties' submissions and the arbitrator's decision, the arbitrator concluded that the parties "clearly did not contemplate time for discovery" and that the Guaranty did not provide for a hearing. Id. at 12-13. Moreover, the parties – sophisticated entities – bargained for this streamlined

---

[4] Tempo Shain involved FAA § 10(a)(3), 9 U.S.C. § 10(a)(3). See 120 F.3d at 19-20. The respondent also cites Article V(1)(b) of the New York Convention, which provides that an award may be vacated if the party against whom enforcement is sought was "unable to present his case." This ground for vacatur is similar to FAA § 10(a)(3). See Kondot S.A. v. Duron LLC, No. 21-cv-3744, 2022 WL 523902, at *9 (S.D.N.Y. Feb. 22, 2022) ("Article V(1)(b) protects the fundamental requirement of due process, which is the opportunity to be heard at a meaningful time and in a meaningful manner."). Accordingly, the Court analyzes these grounds for vacatur together.

proceeding. The very purpose of the Guaranty is to provide prompt payment if a triggering event occurs.[5]

A proceeding is fundamentally unfair only if the challenging party's "right to be heard has been grossly and totally blocked." Andes Petroleum Ecuadro Ltd. v. Occidental Exploration and Prod. Co., No. 21-cv-3930, 2021 WL 5303860, at *3 (S.D.N.Y. Nov. 15, 2021). "[A]rbitrators are afforded broad discretion to determine whether to hear or not hear evidence, or whether additional evidence is necessary or would simply prolong the proceedings." Fairchild, 510 F. Supp. 2d at 286. "There is . . . no bright line rule that requires arbitrators to conduct oral hearings." Oracle Corp. v. Wilson, 276 F. Supp. 3d 22, 29 (S.D.N.Y. 2017). "[A]s long as an arbitrator's choice to render a decision based solely on documentary evidence is reasonable, and does not render the proceeding 'fundamentally unfair,' the arbitrator is acting within the liberal sphere of permissible discretion." Companion Prop. and Cas. Ins. Co. v. Allied

---

[5] That the Guaranty is intended to provide prompt payment is also evidenced by the fact that it is "unconditional[]," "absolute[]," and "irrevocabl[e]." Guaranty, at 2. Moreover, the respondent agreed to "irrevocably and unconditionally waive any common law, equitable, statutory or other rights which [the respondent] might possess as a result of or in connection with" 22 specifically enumerated rights and defenses. See id. at 3-5. As the arbitrator noted, similar absolute and unconditional waivers in guaranties have been approved consistently by New York courts. See Award, at 16-22; Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Int'l," N.Y. Branch v. Navarro, 36 N.E.3d 80, 85 (N.Y. 2015) ("Guaranties that contain language obligating the guarantor to payment without recourse to any defenses or counterclaims, i.e., guaranties that are 'absolute and unconditional,' have been consistently upheld by New York courts.").

Provident Ins., Inc., No. 13-cv-7865, 2014 WL 4804466, at *10
(S.D.N.Y. Sept. 26, 2014).

While the arbitrator in this case did not hold an
evidentiary hearing, she considered extensive submissions by the
parties in connection with both the scheduling decision and the
final merits decision. The arbitrator considered the parties'
competing interpretations of the Guaranty and concluded that the
respondent was not entitled to discovery or a hearing. This is
not fundamental unfairness.[6]

**B.**

The respondent also argues that the procedure imposed by
the arbitrator was contrary to the terms of the parties'

---

[6] The respondent complains that the arbitrator "neglect[ed] to consider" the
respondent's "unrebutted witness statements." ECF No. 28, at 8. But nothing
in the Award indicates that the arbitrator excluded or failed to consider
this evidence. To the contrary, the arbitrator explicitly stated that she had
"examined the submissions, proofs, pleadings, allegations of the parties as
well as the numerous letters, exhibits and caselaw provided by counsel."
Award, at 2. Accordingly, the respondent's complaint is really that the
arbitrator did not explain the specific reasons why she was not persuaded by
the witness statements. But the arbitrator was not required to provide such
an explanation, and the arbitrator thoroughly explained the reasons for her
decision. Cf. Kruse v. Sands Brothers & Co., Ltd., 226 F. Supp. 2d 484, 488
(S.D.N.Y. 2002) ("Case law dealing with arbitrator misconduct in the
consideration of evidence has focused exclusively on the arbitrators' refusal
to hear evidence, not their affirmative consideration of evidence."). The
respondent also complains that the arbitrator declined to grant the
respondent discovery or an evidentiary hearing absent a threshold showing of
fraud. See Scheduling Decision, at 12 ("[I]f the submissions raise a question
of fraud, I will address that after review of the submissions."). But
requiring a preliminary showing of fraud is entirely reasonable, see, e.g.,
Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud or mistake."), and the
arbitrator found that the respondent's submissions failed to identify a
fraudulent misrepresentation, see Award, at 29.

arbitration agreement.[7] But this is not so. "If the arbitrator has provided even a barely colorable justification for his or her interpretation of the contract, the award must stand." Schwartz, 665 F.3d at 452. As explained in the Attachment Decision, the arbitrator analyzed the terms of the parties' arbitration agreement and concluded that the parties waived discovery and an evidentiary hearing. The arbitrator reasonably concluded that the terms of the arbitration agreement conflicted with, and displaced, the JAMS Rules providing for discovery and a hearing. The arbitrator noted that the JAMS Rules explicitly allow parties to waive an oral hearing and agree on procedures not contained in the JAMS Rules. Scheduling Decision, at 12. Accordingly, the arbitrator provided more than a colorable justification for her interpretation of the arbitration agreement, and the arbitration procedure was not fundamentally unfair or contrary to the parties' agreement.

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the petitioner's petition to confirm the Award is **granted** and the respondent's motion to vacate the Award is

---

[7] Article V(1)(d) of the New York Convention, relied upon by the respondent, provides that an award may be vacated if, among other things, "the arbitral procedure was not in accordance with the agreement of the parties."

**denied.** The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:      New York, New York
            July 25, 2022

                                         John G. Koeltl
                             United States District Judge