UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 245 PARK MEMBER LLC,<br><br>      Petitioner,<br><br>-against-<br><br>HNA GROUP (INTERNATIONAL) COMPANY LIMITED,<br><br>      Respondent. | Case No.: 1:22-cv-5136-JGK<br><br>[~~PROPOSED~~]<br>**ORDER OF ATTACHMENT** |

**TO:**   **THE SHERIFF OF THE CITY AND ANY COUNTY OF NEW YORK, THE PETITIONER NAMED ABOVE, THE RESPONDENT NAMED ABOVE, AND ANY GARNISHEE SERVED HEREWITH**

Petitioner 245 Park Member LLC ("Petitioner"), having made an application pursuant to Article 62 of the New York Civil Practice Law and Rules ("CPLR") for an Order of Attachment against the assets of respondent HNA Group (International) Company Limited ("Respondent"), and having submitted (i) the Affidavit of Harrison Sitomer, sworn to as of June 28, 2022, and the exhibits attached thereto; (ii) the declaration of Mark P. Ressler, dated June 28, 2022, and the exhibit attached thereto; (iii) Petitioner's Memorandum of Law in Support of Motion by Order to Show Cause for (1) Prejudgment Attachment, (2) Temporary Restraining Order, and (3) Advance Notice Of Asset Sales of Respondent HNA Group (International) Company Limited, dated June 28, 2022; (iv) the Verified Petition to Confirm Arbitration Award, Memorandum of Law in Support of Petition to Confirm Arbitration Award, and exhibits attached to those submissions, made pursuant to Article 75 of the CPLR; and

Based upon these submissions, and all other filings and proceedings had herein, Petitioner appears to have a valid and cognizable cause of action under the Federal Arbitration Act *[and the New York Convention, 9 U.S.C. §201 et seq.,]* to confirm a final arbitration award and to obtain a money judgment against Respondent for

1

a sum of not less than $185,412,763.60, as rendered by a JAMS arbitrator as a result of Respondent's failure to pay on an absolute, unconditional, and irrevocable guaranty; it is probable that Petitioner will succeed on the merits of its claim; and there is sufficient ground for an Order of Attachment pursuant to CPLR 6201(1) because Respondent is a foreign corporation not qualified to do business in the state; and Respondent has no counterclaims for damages against Plaintiff, as a result of which it is

**ORDERED**, that Petitioner's application for an Order of Attachment is granted, and will be effective (unless earlier vacated) through the time of the entry of an execution or turnover order pursuant to Federal Rule of Civil Procedure ("FRCP") 64 and CPLR Article 52 following entry of a judgment for Petitioner; and it is further

**ORDERED**, that the amount to be secured by this Order of Attachment is $185,412,763.60; and it is further

**ORDERED**, that all property, wherever located, of Respondent, including (a) any debt to Respondent, which is past due or which is yet to become due, certainly or upon demand of Respondent, whether it was incurred within or without the State of New York, to or from a resident or non-resident, as provided by FRCP 64 and CPLR 5201(a), and (b) any tangible and intangible property of Respondent, which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, as provided by FRCP 64 and CPLR 5201(b), and consistent with *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 312 (2010), and *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 539 (2009), is hereby attached; and it is further

**ORDERED**, that the Sheriff of the City of New York, or of any county in the State of New York, shall attach, at any time before final judgment, all other property of Respondent as evidenced by written instruments, which is located in the State of New York; and it is further

**ORDERED**, that Petitioner's undertaking is fixed in the sum of ~~$500.00~~ $25,000.00, conditioned upon Petitioner paying to Respondent an amount not exceeding $20,000.00 for legal costs and damages which may be sustained by reason of attachment, and up to and not exceeding $5,000.00 to the Sheriff for allowable fees, if the Respondent recovers judgment or if it is decided that the Petitioner is not entitled to an attachment of Respondent's property; and it is further

**ORDERED**, that within five days of the service of this Order of Attachment, Respondent shall serve the garnishee statement required by CPLR 6219 through ECF and by email upon Petitioner's attorneys, Kasowitz Benson Torres LLP, attn: Mark P. Ressler, located at 1633 Broadway, New York, New York 10019, mressler@kasowitz.com; and it is further

**ORDERED**, that Respondent, its agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of the property and/or debts described above, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Order of Attachment by personal service or otherwise, are hereby PROHIBITED until further order of this Court from selling, assigning, transferring or paying over to any person other than the Sheriff, interfering with, otherwise disposing of, or in any other way affecting the value of any such property or debt, or directing or allowing any other person to do so, EXCEPT THAT IT IS PROVIDED THAT nothing herein shall attach or restrain any property beyond those properties with an aggregate value sufficient to secure $185,412,763.60.

3

ENTERED:

*[signature]*

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT COURT JUDGE

Dated: ~~June 28, 2022~~ July 25, 2022

*Attorneys for Petitioner:*

KASOWITZ BENSON TORRES LLP

Mark P. Ressler
Paul M. O'Connor III
Jasen Fears
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
mressler@kasowitz.com
poconnoer@kasowitz.com
jfears@kasowitz.com

Henry B. Brownstein
1401 New York Avenue, NW, Ste. 401
Washington, D.C. 20005
Telephone: (202) 760.3400
hbrownstein@kasowitz.com

4