# KING&WOOD
# MALLESONS

500 Fifth Avenue
50th Floor
New York, New York 10110

T +1 212 319 4755

www.kwm.com

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
8/2/22

August 1, 2022

Via Email

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *245 Park Member LLC v. HNA Group (International) Company Limited*,
No. 1:22-cv-05136-JGK

Dear Judge Koeltl:

  This Firm represents respondent HNA Group (International) Company Limited ("Respondent") in the above referenced action. Pursuant to Your Honor's Individual Practices Rule VI(A)(2), the Court's standing order 19-mc-00583, and ECF Rules and Instructions § 6, Respondent respectfully requests that the Court permit Respondent to redact confidential and commercially sensitive information from its New York Civil Practice Law and Rules ("CPLR") § 6219 garnishee statement ("Garnishee Statement") to be filed on CM/ECF, as ordered by this Court's July 25, 2022 order of attachment ("Order"). A redacted copy of the Garnishee Statement as well as an unredacted copy with Respondent's proposed redactions highlighted have been contemporaneously filed herewith in accordance with Your Honor's Individual Practices Rule VI(A)(2). Respondent will serve an unredacted copy of the Garnishee Statement on Petitioner's counsel simultaneous with the filing of this letter.

  The Order requires Respondent to serve the Garnishee Statement[1] within five days of the service of the Order upon Respondent's counsel via email and ECF:

> Within five days of the service of this Order of Attachment, Respondent shall serve the garnishee statement required by CPLR 6219 through ECF and by email upon petitioner's attorneys, Kasowitz Benson Torres LLP, attn: Mark P. Ressler, located at 1633 Broadway, New York, New York 10019, mressler@kasowitz.com.

---

[1] The CPLR defines a garnishee as "a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest." CPLR § 105(i). Respondent is the judgment debtor in this action, not a garnishee. As a result, the directives in CPLR § 6219 do not, by their terms, apply to Respondent. Moreover, CPLR § 6219 directs that such a statement be served upon the sheriff, not filed on CM/ECF Notwithstanding the foregoing, Respondent, in compliance with the Order, has filed a Garnishee Statement contemporaneously with this letter.

1

# KING&WOOD MALLESONS

500 Fifth Avenue
50th Floor
New York, New York 10110

T +1 212 319 4755

www.kwm.com

ECF No. 31. CPLR § 6219 requires that a garnishee statement specify the following information:

> all debts of the garnishee to the defendant, when the debts are due, all property in the possession or custody of the garnishee in which the defendant has an interest, and the amounts and value of the debts and property specified.

CPLR § 6219.

Respondent's Garnishee Statement contains commercially sensitive and confidential business and financial information related to third-party garnishees, who are not parties to this action. Specifically, Respondent's Garnishee statement includes amounts owed by non-parties who have an ongoing business relationship with Respondent. The public disclosure of this information may create harm to these third parties because the information contains confidential business terms affecting the third parties' ongoing relationship with Respondent as well as other non-parties, reveals competitively sensitive financial information of those third parties, among other concerns.

The potential harm to third parties outweighs the general public interest in disclosure. *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014); *see, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (protecting redacted information the disclosure of which would subject a party to "financial harm" and cause "significant competitive disadvantage" and when redaction "would satisfy the narrow tailoring requirement"); *City of Providence v. BATS Global Markets, Inc.*, 14-CV-2811 (JMF), 2022 WL 539438, at *5 (S.D.N.Y. Feb. 23, 2022) (redacting nonparties' identifying information, as there is a significant interest in protecting "sensitive financial . . . information related to third parties," which rebuts the presumption of access where the information plays a limited role in the Court's adjudication of pending motions); *News Corp. v. CB Neptune Holdings, LLC*, No. 21 CIV. 04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("Courts in this District also routinely seal documents to prevent the disclosure of confidential business information."); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18 Civ 6465 (PGG), 2020 WL 1435031, at *8-*9 (S.D.N.Y. Mar. 24, 2020) (granting request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations").

In accordance with Rule VI(A)(2) of Your Honor's Individual Practices, the undersigned notified petitioner 245 Park Member LLC's ("Petitioner") counsel via email of Respondent's intention to redact confidential and commercial sensitive information from its Garnishee Statement before filing, asked for its agreement to the same, and invited Petitioner's counsel to meet and confer regarding the scope of the redaction. Petitioner did not respond to the request that it agree to the instant application or meet & confer with Respondent regarding the same. A copy of the relevant email correspondence is attached hereto as Exhibit A.

For the foregoing reasons, Respondent respectfully requests that the Court grant its request to redact confidential and commercially sensitive information from its Garnishee Statement and publicly file a redacted copy of the Garnishee Statement on CM/ECF.



500 Fifth Avenue
50th Floor
New York, New York 10110

T +1 212 319 4755

www.kwm.com

Respectfully submitted,

**KING & WOOD MALLESONS LLP**

By: _/s/ Vincent Filardo, Jr._

Vincent Filardo, Jr.
Aaron T. Wolfson
Vincent.filardo@us.kwm.com
Aaron.wolfson@us.kwm.com

*Counsel for Respondent HNA Group
(International) Company Limited*

3