UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

245 PARK MEMBER LLC,

                    Petitioner,

      - against -

HNA GROUP (INTERNATIONAL) COMPANY LIMITED,

                    Respondent.

22-cv-5136 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    In a Memorandum Opinion and Order dated July 25, 2022, the Court granted the petitioner's petition to confirm an arbitration award dated April 30, 2022 in the arbitration captioned 245 Park Member LLC v. HNA Group (International) Company Limited, JAMS Ref. No. 5425000065, ECF No. 1-1, Ex. E, in the amount of $185,412,763.60. ECF No. 30. Judgment was entered in favor of the petitioner on July 27, 2022. ECF No. 34. The petitioner has moved to lift the automatic stay provided for by Federal Rule of Civil Procedure 62(a).

    "Courts may dissolve the automatic stay if there may be a risk that the judgment debtor's assets will be dissipated." McGraw Hill LLC v. Doe 1, No. 20-cv-356, 2022 WL 2979721, at *8 (S.D.N.Y. July 26, 2022); see also Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment.[1] The petitioner emphasizes

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

that the Court has already found that the respondent and its affiliates are in financial distress and that there is a substantial risk that the respondent cannot satisfy the judgment. However, there is no evidence that the respondent is dissipating or plans to dissipate its assets. Moreover, there are outstanding Orders attaching the respondent's assets and requiring the respondent to provide the petitioner notice of the sale of any assets in excess of $1 million in which the respondent has a direct or indirect interest. ECF Nos. 31-32. Accordingly, there are already sufficient protections in place to ensure that the respondent will not dissipate its assets during the pendency of the automatic stay.

However, the petitioner should be allowed to exercise its judgment enforcement remedies promptly once the stay is lifted. Therefore, although the automatic stay normally precludes post-judgment discovery,[2] the Court will permit the petitioner to take post-judgment discovery immediately. Complying with reasonable discovery requests will not prevent the respondent from considering its options with respect to an appeal, including obtaining a bond to secure a stay pending any appeal.

---

[2] See Zurich Am. Ins. Co. v. Staffing Concepts Nat'l Inc., No. 8:14-cv-775, 2017 WL 4518662, at *1 (M.D. Fla. Oct. 10, 2017) ("Following the automatic stay, a judgment creditor, in aid of the judgment or execution, is permitted to [take post-judgment discovery]."); cf. Heartland Materials, Inc. v. Warren Paving, Inc., No. 5:16-cv-146, 2019 WL 7290472, at *4 (W.D. Ky. Dec. 30, 2019); Smith v. Kansa Tech., L.L.C., No. 16-cv-16597, 2019 WL 2122980, at *3 (E.D. La. May 15, 2019).

Accordingly, the petitioner's motion to lift the automatic stay is **granted in part and denied in part**. The petitioner's motion is **granted** only insofar as the petitioner is permitted immediately to take discovery in aid of executing the judgment. The motion is **denied** in all other respects. The Clerk is directed to close Docket Nos. 38 and 39.

SO ORDERED.

Dated:   New York, New York
         August 8, 2022

                                    _____
                                         John G. Koeltl
                                    United States District Judge