## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

245 PARK MEMBER LLC,

                Petitioner,

    -against-

HNA GROUP (INTERNATIONAL)
COMPANY LIMITED,

                Respondent.

Case No.: 1:22-cv-05136-JGK

### STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

JOHN G. KOELTL, District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the parties hereto, by and through the undersigned counsel, stipulate and agree to the terms set forth herein; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the post-judgment phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1.    All information provided in the course of discovery in this action ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not be

disclosed to anyone else except as expressly permitted hereunder, shall be used solely for purposes of the above-captioned action, and shall be destroyed or returned to the party that produced it within 30 days following the satisfaction of the Judgment entered by the Court on July 27, 2022 (the "Judgment").  Counsel for the parties may, however, retain copies of work product produced in the action for their files.

2.      The term "Confidential Discovery Material" shall mean any information that contains trade secrets, proprietary business information, or competitively sensitive information which would be detrimental to the conduct of that party's or non-party's business if disclosed.

3.      With respect to Discovery Material other than deposition transcripts and exhibits, a party or a producing person ("Producing Party") or that person's counsel may designate the Discovery Material Confidential by stamping or otherwise clearly marking it as "Confidential" in a manner that will not interfere with legibility or audibility.  Deposition transcripts shall be treated as Confidential under the terms of this Order for 30 days after the receipt of the transcript, after which time the transcript shall no longer be treated as Confidential unless a Producing Party or that person's counsel, at the deposition or up to 30 days after receipt of the transcript, notifies all parties in writing that the entire transcript, or a portion thereof, is Confidential, after which the transcript or such portions shall thereafter be treated as Confidential under the terms of this Order.

4.      If at any time prior to the satisfaction of the Judgment, a Producing Party realizes that Discovery Material it previously produced should be designated as Confidential, the Producing Party may so designate by so apprising all parties in writing, and such designated Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.     No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated as Confidential to any other person, except to:

    a)  the Parties to this action;

    b)  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and any third-party vendors engaged by counsel for the purpose of managing documents and/or data related to this matter;

    c)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d)  stenographers engaged to transcribe depositions conducted in this action; and

    e)  the Court and its support personnel.

6.     Any party who either (i) objects to any designation of confidentiality, or (ii) requests additional limits on disclosure, may at any time prior to the satisfaction of the Judgment serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will submit one or more letters to the Court, in compliance with Rule I.F. of the Individual Practices of Judge John G Koeltl, to obtain a ruling.

7.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event that Discovery Material designated as "Confidential" is disclosed to someone not authorized to receive such information under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure to

counsel of record for the party who initially so designated the Discovery Material as "Confidential" and shall also describe the circumstances of the unauthorized disclosure.

8.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

9.    If a party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.  If the receiving party discovers that it has received Inadvertently Disclosed Information, it shall immediately inform the Disclosing Party.

10.    Within 60 days of the satisfaction of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery

Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

11.    This Protective Order shall survive satisfaction of the Judgment. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

12.    This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

SO STIPULATED AND AGREED

Dated: New York, New York
         September 9, 2022

KASOWITZ BENSON TORRES LLP

By: /s/ Mark P. Ressler
      Mark P. Ressler
      Paul M. O'Connor III
      1633 Broadway
      New York, New York 10019
      Telephone: (212) 506-1700
      mressler@kasowitz.com
      poconnor@kasowitz.com

      Henry B. Brownstein
      1401 New York Avenue, NW, Ste. 401
      Washington, D.C. 20005
      Telephone: (202) 760.3400
      hbrownstein@kasowitz.com

*Attorneys for Petitioner 245 Park Member LLC*

KING & WOOD MALLESON LLP

By: /s/ Aaron T. Wolfson
      Aaron Wolfson
      Vincent Filardo
      500 Fifth Avenue, 50th Floor
      New York, NY 10110
      Telephone: (212) 319-4755
      vincent.filardo@us.kwm.com
      aaron.wolfson@us.kwm.com

*Attorneys for Respondent HNA Group (International) Company Limited*

SO ORDERED:

9/12/22                    U.S.D.J.

5