# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARK P. RESSLER
DIRECT DIAL: (212) 506-1752
DIRECT FAX: (212) 835-5052
MRESSLER@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

October 21, 2022

Via ECF

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *245 Park Member LLC, v. HNA Group (International) Company Limited*, 22-cv-5136 (JGK) (the "Action")

Dear Judge Koeltl:

    We represent Petitioner and judgment creditor 245 Park Member LLC ("Petitioner") in the Action and seek a pre-motion conference concerning post-judgment discovery misconduct by Respondent and judgment debtor HNA Group (International) Company Limited ("HNAI"). HNAI has failed and refused to produce (i) its consolidated financial statements from 2018, 2019 and 2021 (if completed), and (ii) a list of related companies to which HNAI and its affiliates have made unsecured, interest-free, and undocumented transfers of money on an as-needed basis. The requested discovery has now become even more critical in light of a scheme by HNAI and other HNA entities—which has just come to light—to engage in a fraudulent conveyance that is intended to and will place a valuable asset beyond the reach of Petitioner and potentially outside the Court's jurisdiction. As part of this scheme, HNAI's wholly-owned subsidiaries recently filed a proposed plan in Delaware bankruptcy court to transfer a 50-story trophy property located in Chicago's West Loop at 181 West Madison ("181 W. Madison") to its Chinese affiliates *for no consideration*. While HNAI is technically an indirect owner of 181 W. Madison, the affiliates that filed the bankruptcy plan are, as explained more fully below, alter egos of HNAI. The discovery that HNAI refuses to produce—purportedly contrary to its counsel's instructions, according to counsel's recently filed motion to withdraw—will provide further alter ego evidence, which is critical to Petitioner's effort to oppose the attempted fraudulent conveyance.

The Honorable John G. Koeltl
October 21, 2022
Page 2

## I. Background

On July 27, 2022, Your Honor entered a judgment confirming a $185 million arbitration award against HNAI (the "Judgment"). Dkt. No. 34. The Court also granted Petitioner's request to lift the 30-day automatic stay of enforcement of the Judgment with respect to discovery of HNAI on the grounds that "respondent and its affiliates are in financial distress and that there is a substantial risk that respondent cannot satisfy the judgment." Dkt. No. 45.

Petitioner promptly served discovery seeking, among other things, documents reflecting HNAI's current and historical financial wherewithal, including financial statements of HNAI and its affiliates. Petitioner also noticed the deposition of HNAI's corporate representative, Eric Lai, which took place on September 13 and 15. The limited discovery taken to date has shown that HNAI treats its corporate affiliates as its alter egos—they have overlapping directors and have transferred to each other on an as-needed basis hundreds of millions of dollars in unsecured, interest-free, and undocumented transactions, nominally referred to as "loans" and "advances" in HNAI's financial statement. The discovery Petitioner seeks here will likely show additional improper transfers between HNAI, its affiliates, and other related companies, further bolstering the alter ego facts that will enable Petitioner to pursue other HNA entities to execute on the Judgment.

Prior to the deposition of its corporate representative, HNAI produced without objection "company level" statements for 2019 and 2020 and an incomplete version of its consolidated financial statement for 2020. During the first day of Mr. Lai's deposition, Petitioner's counsel requested complete versions of the consolidated financial statements for 2018 through 2021. On the afternoon of September 14, 2022—the day before the second day of Mr. Lai's deposition—HNAI produced without objection a complete version of the consolidated 2020 financial statement only.

As confirmed by Mr. Lai at his deposition, this statement showed hundreds of millions of dollars in unsecured, interest-free, and undocumented transfers of money on an as-needed basis between HNAI and its affiliates (including to a company controlled by HNA's former Chairman). According to Mr. Lai, some of these transfers, nominally referred to and disguised on the financial statement as "loans" or "advances," were reflected as losses because the Chinese court overseeing the restructuring of HNAI's parent company did not recognize them as legitimate "loans" or "advances." Mr. Lai also testified that these sorts of transfers were also made to hundreds if not thousands of "related companies," which the financial statement defined as non-HNAI affiliated companies that nevertheless are controlled or significantly influenced by, among others, a manager of HNAI, its parent, or one of its subsidiaries. According to Mr. Lai, HNAI maintains a list of these related companies.

Since Mr. Lai's deposition, Petitioner has repeatedly requested through emails and phone calls that HNAI produce HNAI's consolidated financial statements for 2018, 2019 and 2021 (if and when completed) and the list of related companies. HNAI's counsel represented in turn that it was working to produce those documents and never objected to producing them. Until

KASOWITZ BENSON TORRES LLP

The Honorable John G. Koeltl
October 21, 2022
Page 3

HNAI's counsel filed its withdrawal motion on October 11, 2022, Petitioner had assumed that HNAI was taking good faith efforts to collect and produce those documents. Petitioner was mistaken. Counsel's withdrawal motion now makes clear that HNAI has no intention whatsoever of producing these documents, having apparently rejected the advice and direction of its counsel.

**II.     The Court Should Compel HNAI to Produce its Consolidated Financial Statement and List of Related Companies**

HNAI's consolidated financial statements and list of related companies are obviously relevant to Petitioner's post-judgment collection efforts. HNAI has essentially conceded that these documents are discoverable, having already produced its 2020 consolidated financial statement without objection, and endeavoring to produce the other financial statements and the list of related companies, again without objection—that is, until HNAI summarily refused, apparently against its counsel's advice, to do so. Indeed, the 2020 financial statement alone reveals tens, if not hundreds, of millions of dollars in unsecured, interest-free, and undocumented transfers of the sort that will support veil piercing, and the other financial statements will likely show the same. The list of related companies is relevant because it will identify new targets of discovery (*i.e*, recipients of hundreds of millions of dollars of HNAI's assets) as well as potential targets of seizure or garnishment applications when, as is highly likely, Petitioner establishes that those related companies are the alter ego of HNAI. Moreover, there is little to no burden on HNAI to produce these documents, which Mr. Lai testified HNAI keeps in the ordinary course.

To collect on the Judgment, it is imperative that Petitioner be able to marshal all available alter ego evidence concerning HNAI and its subsidiaries. Petitioner's need for such discovery is even more pronounced now, given that the subsidiaries are attempting to convey 181 W. Madison to subsidiaries located in China. A showing by Petitioner that the bankruptcy debtors seeking to transfer 181 W. Madison are in fact the alter ego of HNAI will heighten Petitioner's ability to prevent the fraudulent conveyance that the HNA debtors' proposed bankruptcy plan is intended to effectuate.

Accordingly, Petitioner respectfully requests that the Court set a pre-motion conference and/or order HNAI to produce its consolidated financial statements for 2018, 2019 and 2021, along with its list of related companies.

Respectfully submitted,

*/s/ Mark P. Ressler*

Mark P. Ressler

cc:     All Counsel of Record