**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————

**245 PARK MEMBER LLC,**

                    **Petitioner,**

      **- against -**

**HNA GROUP (INTERNATIONAL) COMPANY**
**LIMITED,**

                 **Respondent.**
——————————————————————

        **22-cv-5136 (JGK)**

        <u>MEMORANDUM</u>
        <u>OPINION & ORDER</u>

**JOHN G. KOELTL, District Judge:**

On July 25, 2022, this Court confirmed an arbitration award of $185,412,763.60 issued in favor of the petitioner, 245 Park Member LLC ("245 Park"), against the respondent, HNA Group (International) Company Limited ("HNA International"). <u>245 Park Member LLC v. HNA Grp. (Int'l) Co. Ltd.</u>, No. 22-cv-5136, 2022 WL 2916578, at *1 (S.D.N.Y. July 25, 2022). Judgment was entered against HNA International on July 27, 2022. ECF No. 34 (the "Judgment").

On May 19, 2023, the Court denied HNA International's motion for relief from the Judgment and granted 245 Park's motion for an order directing HNA International to turn over its 100% membership interest in HNA North America, LLC ("HNA North America"), a Delaware limited liability company, to 245 Park in partial satisfaction of the Judgment. <u>245 Park Member LLC v. HNA Grp. (Int'l) Co. Ltd.</u>, -- F. Supp. 3d --, No. 22-cv-5136, 2023

WL 3587702, at *1 (S.D.N.Y. May 19, 2023) (the "Turnover Decision").

The Turnover Decision directed the turnover to occur within seven business days, that is, by May 31, 2023. Id. at *10. On May 30, 2023, HNA International appealed from the Turnover Decision to the Second Circuit Court of Appeals. ECF No. 150. The same day, HNA International moved to stay the turnover pending that appeal. ECF No. 151 at 1. Alternatively, HNA International asked this Court to enter a brief interim stay to allow HNA International to seek a stay from the Court of Appeals. Id. For the following reasons, the motion for a stay pending appeal is **denied**, but the request for an interim stay is **granted**.

Under Federal Rule of Civil Procedure 62(c), the district court has the discretion to issue a stay pending appeal. There are four relevant factors to consider: (1) whether the movant will suffer irreparable injury absent a stay; (2) whether another party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility of success on the merits; and (4) the public interests that may be affected. Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993). The movant bears the "heavy" burden of establishing that these factors weigh in its favor. Bionpharma Inc. v. CoreRx, Inc., No. 21-cv-

10656, 2022 WL 580767, at *2 (S.D.N.Y. Feb. 24, 2022). In this case, these factors weigh strongly against a stay pending appeal.[1]

The first factor, irreparable injury, requires an injury "that is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages." Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin., 884 F. Supp. 2d 108, 123 (S.D.N.Y. 2012). "The potential for irreparable injury should be evaluated taking into account the possibility that the ruling sought to be stayed is erroneous." Id. HNA International initially argued that "the impact of the [turnover] Order cannot be reversed" because 245 Park "is likely to dispose of the assets beneficially owned by HNA North America before an appeal is decided." ECF No. 151 at 2. During oral argument, however, HNA International rightly conceded that because the value of HNA North America is measurable, any such harm could be remedied by an award of monetary damages to HNA International should the Turnover Decision be reversed. See Bionpharma, 2022 WL 580767, at *3 ("[Q]uantifiable money damages cannot be deemed irreparable harm."). Moreover, any risk of injury is outweighed by the fact that HNA International is

---

[1] Unless otherwise noted, this Memorandum Opinion & Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

unlikely to succeed on appeal, as explained below. Therefore, the first factor weighs against a stay.

The second factor, whether another party will suffer substantial injury if a stay is issued, also weighs against a stay pending appeal. 245 Park will be substantially harmed if its $185 million Judgment continues to remain wholly unsatisfied. For the better part of a year, 245 Park has sought to collect on the Judgment, and HNA International has obstructed those efforts. See 245 Park, 2023 WL 3587702, at *4, *9. Even on this motion, HNA International waited 11 days -- until the day before the turnover deadline -- to move for a stay, depriving 245 Park of the opportunity to respond in writing. HNA International now proffers that the centerpiece of its appeal will be a request for certification to the New York Court of Appeals. ECF No. 151 at 2. Certification "inevitably delays the resolution of the case, sometimes for well more than a year." 53rd St., LLC v. U.S. Bank Nat'l Ass'n, 8 F.4th 74, 81 (2d Cir. 2021). To allow HNA International to delay turning over its interest in HNA North America during the likely lengthy appellate proceedings, especially where HNA International will not be irreparably injured absent a stay and the appeal is unlikely to succeed, would substantially harm 245 Park's legitimate efforts to collect promptly on the Judgment. The second factor therefore counsels against a stay.

4

The third factor, the likelihood of success on the merits, also favors 245 Park. HNA International is unlikely to succeed on the merits of its appeal. New York law amply supports directing HNA International to turn over its interest in HNA North America, a Delaware LLC, directly to 245 Park. See 245 Park, 2023 WL 3587702, at *8-10. Each of HNA International's arguments to the contrary has been rejected by New York state court decisions, notably but not exclusively 79 Madison LLC v. Ebrahimzadeh, which applied New York law to affirm an order directing turnover of a membership interest in a non-New York LLC directly to the plaintiff. 166 N.Y.S.3d 126, 128-29 (App. Div. 2022); see also 245 Park, 2023 WL 3587702, at *8-10.

In view of 79 Madison, HNA International does not argue that the Second Circuit Court of Appeals would resolve the turnover motion any differently under current New York law. See Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 399 (2d Cir. 2001) ("The holding of an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."). Instead, HNA International says it intends to ask the Second Circuit Court of Appeals to certify to the New York Court of Appeals the question whether New York law permits the turnover of a Delaware LLC -- in other words, whether 79 Madison

5

was wrongly decided. ECF No. 151 at 2. But HNA International fails to show why certification would be proper on this issue. See McCarthy v. Olin Corp., 119 F.3d 148, 153 (2d Cir. 1997) ("Ordinarily, certification is proper only where there is a split of authority on the issue, where a statute's plain language does not indicate the answer, or when presented with a complex question of New York common law for which no New York authority can be found."). Nor does HNA International explain why, were certification granted, the New York Court of Appeals would reject 79 Madison, which is well-reasoned, grounded in numerous New York state court decisions, and unrebutted by any decision of the Appellate Division of the New York State Supreme Court. Accordingly, because HNA International's appeal is unlikely to succeed on the merits, with or without certification to the New York Court of Appeals, the third factor weighs against a stay pending that appeal.

Finally, HNA International fails to show that the public interest weighs in favor of a stay pending appeal. HNA International argues that if this Court does not grant a stay and the Second Circuit Court of Appeals reverses the Turnover Decision, then 245 Park, HNA International, and the owners of any of the assets owned by HNA North America "will need to work out how to unwind those transfers to return the property to HNA International." ECF No. 151 at 2. HNA International does not

explain what the public interest is in avoiding that eventuality. On the other hand, there is plainly a strong public interest in 245 Park's prompt enforcement of the Judgment, especially in view of HNA International's obstructionism. <u>See, e.g., Cordius Tr. v. Kummerfeld</u>, No. 99-cv-3200, 2010 WL 234823, at *2 (S.D.N.Y. Jan. 21, 2010) ("[T]here is an overwhelmingly strong public interest in seeing that the judgments against the Kummerfelds are finally -- if only partially -- satisfied and in ensuring that Mr. Kummerfeld at last complies with his legal [o]bligations."). The fourth and final factor therefore weighs against HNA International.

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, HNA International's motion for a stay pending appeal is **denied**. However, in deference to the Second Circuit Court of Appeals, HNA International's alternative request that this Court temporarily stay the Turnover Decision is **granted**.

HNA International's obligation to turn over its 100% interest in HNA North America directly to 245 Park is stayed until **June 9, 2023,** to allow HNA International to seek a stay from the Second Circuit Court of Appeals, and to allow that court to decide such a request. HNA International should

continue to prepare for the turnover of HNA North America to 245

Park, so that it can be accomplished promptly should the interim

stay be dissolved.

The Clerk is directed to close ECF No. 151.

**SO ORDERED.**

Dated:     New York, New York
           May 30, 2023

                                      _____
                                           John G. Koeltl
                                      United States District Judge