```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

245 PARK MEMBER LLC,

                Petitioner,

          v.                             22 Civ. 5136 (JGK)

HNA GROUP (INTERNATIONAL)
COMPANY LIMITED,

                Respondent.
                                         Telephone Conference
------------------------------x
                                         New York, N.Y.
                                         May 30, 2023
                                         2:00 p.m.

Before:

                    HON. JOHN G. KOELTL,

                                         District Judge

                         APPEARANCES

KASOWITZ BENSON TORRES LLP
     Attorneys for Petitioner
BY:  MARK P. RESSLER
     PAUL M. O'CONNOR III
     HENRY B. BROWNSTEIN

KOBRE & KIM LLP
     Attorneys for Respondent
BY:  JEREMY O. BRESSMAN
     GEOFFREY J. DERRICK
```

```
 1
 2                  (Case called)
 3              THE COURT:  Who is on the phone for the petitioner?
 4              MR. RESSLER:  Good afternoon, your Honor.  It's Mark
 5   Ressler from Kasowitz Benson Torres on behalf of petitioner 245
 6   Park Avenue.  I'm joined by my colleagues Paul O'Connor and
 7   Henry Brownstein.
 8              THE COURT:  OK.
 9              Who is on the line for the respondent?
10              MR. BRESSMAN:  Good afternoon, your Honor.  You have
11   Jeremy Bressman from the law firm of Kobre & Kim on behalf of
12   respondent HNA Group International Company Limited, and I'm
13   here with my colleague Geoffrey Derrick.
14              THE COURT:  OK.
15              I have the respondent's letter dated May 30, 2023,
16   that looks for a stay.  The petitioner hasn't had an
17   opportunity to respond, but before I listen to the parties, I
18   have an initial question for the respondent.
19              The respondent waited 11 days after May 19 to ask for
20   a stay for an event that's supposed to occur tomorrow and says
21   this is now urgent.  Why the delay of 11 days looking for the
22   stay to write a two-page letter?
23              MR. BRESSMAN:  Hi, your Honor.
24              Yes, we appreciate that there was some delay here.
25   Our client was assessing its options in light of the Court's
```

1  order and whether it wanted to seek an appeal, which it decided
2  to do.  Then once we had authority from our client to seek an
3  appeal of the Court's order, we promptly moved for a stay.
4           THE COURT:  Have you filed a notice of appeal?
5           MR. BRESSMAN:  Yes, we filed that this morning, your
6  Honor.
7           THE COURT:  This morning.  OK.
8           What would the petitioner like to tell me?
9           MR. RESSLER:  Judge, do you want to start with the
10 petitioner?  I mean our view is that --
11          THE COURT:  I have the respondent's letter, which sets
12 out why I should issue a stay.  Normally, I would give the
13 petitioner the opportunity to respond to the application, but
14 since this is something that's supposed to occur tomorrow, that
15 doesn't give the petitioner much time to submit responsive
16 papers.  So I thought I would simply set it down for a
17 conference to give you the opportunity to respond.
18          MR. RESSLER:  Well, I appreciate that, your Honor.
19          No. 1, as your Honor noted, the fact that respondent
20 waited 11 days to ask for a stay, literally on the eve of the
21 Court's deadline, refutes any suggestion that there's any kind
22 of emergency here or exigency.  So that's No. 1.
23          No. 2, there's no irreparable injury that's
24 confronting respondent in the absence of a stay.  At most,
25 respondent would have its judgment reduced arguably by $40

1  million, you know, facts we've already discussed with respect
2  to the Rule 60 motion.  To the contrary, the only irreparable
3  harm here if your Honor issues a stay is that which will hurt
4  petitioner.
5       We have been trying since last July, when your Honor
6  confirmed $185 million arbitration award, to shake money out of
7  this respondent, and we've come up empty because respondent has
8  continually pursued a campaign of evasion and obstruction,
9  thwarting every effort we've made to obtain satisfaction of
10 this judgment.  And there's no reason to stay your Honor's May
11 19 order.  There's no likelihood of success here on the merits.
12 Your Honor applied a crystal clear line of New York cases, the
13 *79 Madison* case, exactly as it's supposed to be applied, and to
14 be sure, there was nothing in respondent's opposition brief nor
15 in its letter from today that would suggest in any way the
16 Second Circuit would be likely to reverse your Honor's
17 well-reasoned ruling, which, as I noted, simply applies a New
18 York State law.
19      Finally, Judge, with respect to public policy, which
20 is also a consideration for the Court on the question of a
21 stay, New York favors enforcing New York judgments against
22 judgment debtors.  And here, as your Honor noted in the May 19
23 opinion and order, this respondent has pursued all manner of
24 efforts to frustrate and obstruct the judgment creditor's
25 attempt to satisfy the judgment.

1            So for all of those reasons, we urge your Honor not to
2   grant the request for a stay, to have petitioner proceed with
3   the turnover, which must be accomplished by tomorrow.  This is
4   an eleventh hour Hail Mary attempt once again to frustrate our
5   efforts to hold a judgment debtor to account.
6            THE COURT:  OK.
7            Anything you'd like to say in response, Mr. Bressman?
8            MR. BRESSMAN:  Yes, your Honor.  Thank you.
9            A few things.  First, I'd like to note our client
10  intends to comply with the court order effecting a stay.  HNA
11  continues to reject the position that our client had been
12  thwarting or obstructing the judgment.  We made a motion.
13  Obviously, that simply did not come out in our client's favor,
14  but we intend to comply, and we're simply seeking a stay in
15  order to preserve the status quo in the case of a successful
16  appeal.
17           As we noted in our papers, HNA International will
18  suffer irreparable injuries after Tuesday because the assets
19  simply won't be there if the appellate court comes out the
20  other way.  I should also note that --
21           THE COURT:  Why isn't that compensable in money
22  damages?
23           MR. BRESSMAN:  That could be compensable, your Honor.
24  I don't --
25           THE COURT:  So that's not irreparable injury then.

1          MR. BRESSMAN:  Well, your Honor, the assets being
2     turned over, which is the membership interest in a Delaware
3     LLC, which holds other Delaware LLCs, the assets hold a number
4     of underlying companies that have employees, that have business
5     relationships.
6          THE COURT:  There's been no showing of what the assets
7     of that LLC are, and the value of the LLC should be
8     compensable, should be valuable, could be valued.  And that
9     would be compensable as money damages, wouldn't it?
10          MR. BRESSMAN:  There may be, your Honor.
11          THE COURT:  OK.
12          MR. BRESSMAN:  Let me move on to another point of
13     view, which is that we think that there's a substantial
14     possibility that HNA International will succeed on appeal.  As
15     we noted, we intend to ask the Second Circuit to certify to the
16     New York Court of Appeals the questions of whether New York law
17     permits the turnover of a Delaware LLC.
18          Petitioner's counsel noted that this Court applied the
19     *79 Madison* case, and that's accurate.  We think that's
20     precisely the point.  That's the only case that the parties
21     have found on point, and it's not clear to us that the New York
22     Court of Appeals would follow the position adopted in *79
23     Madison*.  Obviously, the question of whether to certify this
24     question to the New York Court of Appeals is a discretionary
25     one for the Second Circuit, but we think it fits the very

1    factors.

2            And one last point.

3            THE COURT:  I'm sorry.  Why is that?  There's no

4    conflicting decision by any of the four departments with *79

5    Madison*.

6            MR. BRESSMAN:  That's right, your Honor.

7            THE COURT:  So --

8            MR. BRESSMAN:  I'll point the Court to *Ortiz v. Ciox

9    Health, LLC*, 961 F.3d 155, which is a 2020 decision from the

10   Second Circuit.  So in *Ortiz v. CIOX Health, LLC*, the Second

11   Circuit laid out the test of when it will certify a question to

12   the Court of Appeals, and it listed four factors.

13           The first is whether the Court of Appeals has squarely

14   addressed the issue and whether there are other decisions and

15   whether other New York court decisions are sufficient to

16   predict how the Court of Appeals would resolve it.  So we would

17   contend, your Honor, that this is an area of law that a New

18   York Court of Appeals has not addressed and that the *79 Madison*

19   case alone is not a sufficient indicator of how the Court of

20   Appeals would resolve it.

21           THE COURT:  OK.

22           MR. BRESSMAN:  And one last point, your Honor?

23           If the Court denied this stay, we would respectfully

24   request a brief interim stay, which would allow us to go to the

25   Second Circuit to seek a stay.  This should have a *de minimis*

1  impact on petitioner, and pointing to the Court some previous

2  decisions where your Honor has granted short stays, usually

3  around 14 days, to allow defendant to apply for a stay to the

4  Second Circuit.

5      THE COURT:  OK.

6      Anything else that the petitioner wants to tell me?

7      I can tell you I am not inclined to grant a stay

8  pending appeal because I don't believe that the requirements

9  for a stay pending appeal have been met.  I think there's been

10 no showing of irreparable injury, and frankly, respondent

11 admitted as much in the course of this argument -- that the

12 assets of the LLC could be valued and compensable in money

13 damages.

14     I also don't believe, for all the reasons that I

15 previously stated in the opinion, that there's a likelihood of

16 success on the merits, and the public interest argues in favor

17 of the enforcement of judgments.

18     On the other hand, in deference to the Court of

19 Appeals, I always grant a brief stay to allow the parties to go

20 to the Court of Appeals to seek a stay pending appeal, because

21 I think that's the deference that's owed to the Court of

22 Appeals -- to allow the Court of Appeals to decide.  And before

23 seeking a stay in the Court of Appeals, a party is required to

24 go to the district court first to seek a stay in the district

25 court.

1         So I would be inclined to grant a brief stay to allow

2   the respondent to go to the Court of Appeals.  The stay should

3   probably be about ten days.

4         Anything that the petitioner would like to tell me;

5   some reason why the brief stay to allow the Court of Appeals to

6   consider this is something that I should not do?

7         MR. RESSLER:  Judge, we just think, again, the fact

8   that respondent waited so long since your Honor's opinion and

9   order is inappropriate.  And now, literally on the eve of the

10  deadline that the Court set for respondent to come in,

11  requesting a stay, again, is improper and it should be denied.

12        THE COURT:  Well --

13        MR. RESSLER:  Respondent has slept on its rights until

14  the last possible moment, in our view, once again, because its

15  only strategy here is to delay, do everything it can to

16  frustrate our efforts to collect on the judgment.

17        THE COURT:  Well, you haven't told me what the harm is

18  from an interim stay for the Court of Appeals to decide the

19  issue.  I realize that the respondent inappropriately waited 11

20  days to seek the relief, but is there something you're going to

21  do in the next ten days that outweighs the deference that I owe

22  to the Court of Appeals and which the Court of Appeals has said

23  in at least one case I can recall -- not my case -- that they

24  found it inappropriate for the district court not to have given

25  the Court of Appeals the opportunity to rule on a stay?  So

1    what's going to happen over the next 10 or 11 days that I
2    shouldn't give deference to the Court of Appeals to make the
3    decision?
4            MR. RESSLER:  Your Honor, we have no plans to do
5    anything over the next ten days that would be sidelined with
6    respect to the brief stay that your Honor has alluded to.
7    That, of course, we want to ensure that respondent doesn't do
8    anything with respect to the assets at issue, needless to say.
9            THE COURT:  The respondent says I already have other
10   preliminary relief in place that would prevent them from doing
11   anything with the assets over that period of time.
12           Is that right, Mr. Bressman?
13           MR. BRESSMAN:  That's correct, your Honor.
14           THE COURT:  Woe betide if anything happens over the
15   next 10 or 11 days to make your representation incorrect.
16           MR. BRESSMAN:  I will stress to my clients very
17   strongly, your Honor, and make sure that that doesn't happen.
18           THE COURT:  It's not only your client's representation
19   now; it's your representation.
20           MR. BRESSMAN:  Understood, your Honor.
21           THE COURT:  OK.
22           MR. RESSLER:  Your Honor, one additional point, so
23   that we can use the period during which this brief stay is
24   going to be in place wisely?
25           We have been requesting some basic information

1  necessary to effectuate your Honor's May 19 order, and once
2  again, we've come up empty.  Respondents refuse to engage with
3  us on this important information.  We're putting together a
4  brief letter setting forth this dispute for your Honor, which
5  we will be filing this afternoon, and we're hopeful that, with
6  the Court's intervention, we'll be able to obtain this
7  information so, as I said, we can use the period during which
8  this brief stay's going to be in place to, again, further the
9  order so that we can obtain the asset that your Honor has
10 ordered be turned over.
11          THE COURT:  You're welcome to write the letter.
12          Mr. Bressman, has your client been resisting the
13 production of information necessary to effectuate the order?
14          MR. BRESSMAN:  I don't believe so, your Honor.  I
15 think there's a difference between the parties as to what the
16 order requires.  We've read the order as written to require
17 turnover of the assets, which, as I mentioned before, my client
18 intends to comply with.
19          We think that the additional information that they're
20 seeking with such -- I'm not sure this is the right time to get
21 into it, but it's beyond what the Court order requires and as
22 well as information that they'll be able to obtain as new
23 shareholder of HNA North America.  But counsel can put in their
24 letter, and we'd just request an opportunity to respond.
25          THE COURT:  Of course.  Of course you'll have

1  opportunity to respond.  But you resist the categorization that
2  your client has been obstructing enforcement of the judgment,
3  and then when the other side asks for information in order to
4  be able to effectuate an order of the Court, you say, well,
5  that really goes beyond the four corners of the order, and the
6  Court is left to wonder whether you're cooperative in terms of
7  efforts to enforce the judgment or whether, in fact, the
8  respondent is resisting enforcement of the judgment.  I leave
9  that to you.
10          Anything else for me?
11          I'll issue a brief opinion and order, which will deny
12  the stay pending appeal but allow an interim stay to allow the
13  Court of Appeals to rule on any application for the stay.
14          OK.  Anything further for me?
15          No.
16          MR. RESSLER:  Nothing from petitioner.
17          MR. BRESSMAN:  Nothing from respondent, your Honor.
18          THE COURT:  OK.  Bye now.
19          (Adjourned)